# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CURLEY HUNTER**                                                                                           **PLAINTIFF**

**v.**                                    **No. 2:06CV36-P-A**

**NURSE WATSON**                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Mississippi state inmate Curley Hunter (# 30871), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendant showed deliberate indifference to the plaintiff's serious medical needs by failing to change a dressing on the plaintiff's back on one occasion after he had undergone surgery – and by failing to administer Claritin to the plaintiff on another occasion. For the reasons set forth below, the instant complaint shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On January 10, 2006, the plaintiff underwent a surgical procedure to remove a knot from his upper back. At approximately 5:00 a.m. on January 13, 2006, the plaintiff requested that Nurse Watson clean the surgical site and change the gauze dressing on it. Nurse Watson, however, was in the process of delivering various inmates their morning pills at the time. Rather than retrieve the bandages in the midst of her assignment of morning pill deliveries, she sent the gauze bandages by with Sgt. Williams, who delivered them to the plaintiff. The plaintiff pointed out to Sgt. Williams, however, that the plaintiff could not very well clean and re-dress the

surgical site by himself because of its location on his back. Later in the morning, Nurse Standry, who was checking the inmates who had been tested for tuberculosis, cleaned the area on the plaintiff's back and changed the dressing.

On January 14, 2006, Nurse Watson dropped the plaintiff's Claritin, left to get the plaintiff a replacement pill, and did not return with one. The plaintiff had been prescribed Claritin, an over-the-counter medication, to relieve his sinus congestion, and he is scheduled to take one every twenty-four hours. He received his Claritin on schedule the next day and every day thereafter.

## Discussion

The plaintiff's allegations fail to state a claim upon which relief could be granted. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in

exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff in this case has received medical treatment each time he has requested it; he just has not received that treatment from Nurse Watson. At 5:00 a.m. on January 13, 2006, the plaintiff requested that Nurse Watson stop what she was doing to clean and redress the surgical site on the plaintiff's back. Instead, Nurse Watson continued her assigned task and sent the gauze for accomplishing that task to the plaintiff. Later that morning, another nurse cleaned and dressed the plaintiff's surgical site. The plaintiff suffered no harm from the delay. The next day, Nurse Watson dropped one of the plaintiff's over-the-counter Claritin pills on the floor and did not issue another one to replace it. The plaintiff had to wait until the next day to take his Claritin.

The plaintiff alleged no more than *de minimis* injury from this oversight. As such, the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE